IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT HOLLAND, | No. CIV S-11-0580-KJM-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| BP AMERICA, INC., | |
| Defendant. | |
| _____/ | |

        Plaintiff, who is proceeding pro se, brings this civil action.  This action was removed to this court from the Siskiyou County Court on March 2, 2011.  Pending before the court is defendant's motion to dismiss (Doc. 7).  No timely opposition was filed, so the hearing on the motion was taken off calendar pursuant to Local Rule 230.  Plaintiff did file an untimely opposition to the motion (Doc. 11), which the court has read and considered.

**I.    Background**

        Plaintiff originally filed this action in the small claims court of Siskiyou County.  After receiving service, defendant removed the action to this court.  Following removal, plaintiff filed an amended complaint in order to further set forth his claim.  In his amended complaint, plaintiff alleges that following the Deepwater Horizon oil spill, the defendant solicited help from

citizens for possible solutions.  Plaintiff responded to defendant's call for help "forego[ing] any intellectual property protection."  Plaintiff alleges that defendant's solicitation and acceptance of plaintiff's ideas created an implied contract.  He then billed defendant for payment.  After defendant failed to respond to the billing, he proceeded with this legal action.  His claims are for fraud, violations of the California Consumer Legal Remedies Act (CLRA), and breach of implied contract.[1]

## II.     Motion to Dismiss

Defendant filed the motion to dismiss pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).  Defendant argues plaintiff's complaint fails to state a claim, and fails to meet the heightened pleading standard required to state a fraud claim.  In plaintiff's untimely response to the motion, he fails to dispute any of defendant's arguments.  Instead, he simply points out that he is proceeding in pro per and argues he cannot compete with the sophistication of trained lawyers.

### A.     Legal Standards

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by

---

[1] Plaintiff's amended complaint filed with the court abruptly ends on page 8, without any concluding paragraphs.  However, defendant has provided the court with a more complete document with the motion to dismiss.  See Memorandum in Support (Doc. 8), Ex. A.

lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp., 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Bell Atl. Corp., 550 U.S. at 557).

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

///

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

**B.     Discussion**

1.  Application of Law

Defendant argues Louisiana, not California, law applies to this case.  As such, plaintiff's claims under the CLRA cannot continue, and his other claims must be evaluated under Louisiana law.  As discussed below, whether Louisiana or California law applies does not impact the claims greatly.  Except for the CLRA claims, the law for fraud and breach of contract do not vary greatly regardless of which state's law applies.

2.  Fraud

Plaintiffs claim for fraud is based on an allegation that the defendant solicited help from the public, via their website, without the intention of paying for any proposed solutions to their emergency.  He claims he reasonably believed the defendant would pay for the services he provided.

The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. Lazar v. Superior Court, 49 Cal. Rptr. 2d 377, 380-81 (Cal. 1996).  Similarly, under Louisiana law, a claim for "fraud consists of the following elements:  (1) a misrepresentation of material facts; (2) made with the intent to deceive; and (3) causing justifiable reliance with resultant injury." Gonzales v. Gonzales, 20 So.3d 557,563 (La. Ct. App. 2009) (citing Becnel v. Grodner, 982 So.2d 891, 894 (La Ct. App. 2008)).

In addition, Federal Rule of Civil Procedure 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity."  This heightened pleading standard "requires a pleader of fraud to detail with particularity the time, place, and manner of

each act of fraud, plus the role of each defendant in each scheme." Lancaster Cmty. Hosp. v. Antelope Valley Dist., 940 F.2d 397, 405 (9th Cir. 1991). Thus, "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotations omitted).

Rule 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing Gottreich v. San Francisco Inv. Corp., 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit Court of Appeals has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . . In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

In Re Glenfed, Inc. Sec. Litig., 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in* Marksman Partners, L.P. v. Chantal Pharm. Corp., 927 F. Supp. 1297 (C.D. Cal. 1996); see Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) (fraud allegations must be accompanied by "the who, what, when, where, and how" of

the misconduct charged).

Here, defendant argues plaintiff's complaint is insufficient to state a claim for fraud as plaintiff fails to plead any fraudulent statement and fails to establish that defendant owed him a duty of disclosure. Plaintiff's fraud claim is based on an alleged solicitation for help on defendant's website. He states that defendant knew that consumers would respond to the disaster with potentially valuable solutions who would then deserve to be compensated. He further states that the defendant solicited assistance "with the knowledge they would fight rather than pay for services rendered . . . ." (Am. Comp. at 5). Plaintiff claims he reasonably believed he would be paid for the services he rendered in responding to the emergency.

Plaintiff fails to state a claim for fraud. Specifically, plaintiff fails to allege that the defendant made any false representation. Even if defendant sent out a plea for assistance, plaintiff does not allege that defendant indicated in any way that people submitting proposed solutions to the oil leak would be compensated. Without such a statement, the court is hard pressed to find a reasonable person would assume, simply based on a solicitation for ideas, that any financial payment would be made upon such submission, especially if their idea was used (and there is no indication that plaintiff's idea was used by the defendant). Plaintiff's statement that he reasonably believed he would be paid for his time is insufficient. In addition to there being no actual misrepresentation alleged, plaintiff also fails to plead that there was any intention by the defendant to deceive plaintiff, or the public in general. Plaintiff's belief that he would be compensated for any ideas submitted to the defendant is not equivalent to the defendant making a false statement with the intention to deceive. Plaintiff's allegations also fail to satisfy the pleading requirements of Rule 9 in that plaintiff fails to allege with particularity what statement was made, and how such a statement was misleading.

Defendant also contends that no duty of disclosure was owed to plaintiff to support a claim of fraud based on omission. To the extent plaintiff alleges fraud by omission, such a claim requires an allegation that the defendant was under a duty to disclose the alleged

1  omission.  See Cal. Civ. Code § 1710(3), La. Civ. Code Ann. art 1953; see also, Greene v. Gulf
2  Coast Bank, 593 So.2d 630, 632 (La. 1992).   Plaintiff fails to allege the defendant had a duty to
3  disclose that anyone submitted ideas would not be compensated.
4              Further, the undersigned finds that no amendment can cure the defects in this
5  claim.  Assuming plaintiff could plead with sufficient particularity what fraudulent statements
6  were made, it is clear that it is not possible to plead the defendant acted with the intent to
7  defraud.  Indeed, the undersigned agrees with the defendant's argument that plaintiff's claim is
8  facially implausible.  It is simply not plausible that a broad request set forth on the defendant's
9  website for ideas on how to stop the flow of oil, without a specific offer to pay for an idea
10 submitted at a set price, would lead to an expectation of payment.  Even if someone submits an
11 idea and expected payment in return, failure to pay for an idea submitted under those conditions
12 does not amount to fraud.  Plaintiff does not allege that defendant at any time offered to pay for
13 the submission of ideas; he specifically states that defendant did not advertise payment for
14 services.  Based on plaintiff's statements that it was his own belief that reasonable compensation
15 would be forthcoming, it is not plausible that he could amend his complaint to sufficiently plead
16 any misrepresentation to support his claim for fraud.  Thus, this claim should be dismissed
17 without leave to amend.
18              3.  Consumer Legal Remedies Act
19              Next plaintiff alleges violation of California's Consumer Legal Remedies Act
20 (CLRA), relying of California Civil Code §§ 1770(a)(5), (10), (14), and (19).  Specifically,
21 plaintiff alleges that defendant's open solicitation for ideas represented a service, otherwise they
22 would have advertised a limitation on any compensation.  In addition, plaintiff alleges that
23 defendant's emergency solicitation represented a transaction that conferred involvement in an
24 emergency with a reasonable expectation of compensation.  Finally, plaintiff alleges that
25 defendant omitted terms to the contract, specifically that there would be no compensation, which
26 is unconscionable.

1       Defendant argues that plaintiff's claim fails because California law does not
2  apply. In addition, even if California law did apply, plaintiff cannot state a claim under the
3  CLRA because he is not a consumer, as defined therein.
4       "The CLRA was enacted 'to protect consumers against unfair and deceptive
5  business practices and to provide efficient and economical procedures to secure such
6  protection.'" McKell v. Washington Mut., Inc., 49 Cal. Rptr. 3d 227, 253 (Cal. Ct. App. 2006)
7  (quoting Cal. Civ. Code § 1760). The CLRA makes unlawful certain "unfair methods of
8  competition and unfair or deceptive acts or practices undertaken by any person in a transaction
9  intended to result or which results in the sale or lease of goods or services to any consumer."
10 Cal. Civ. Code § 1770(a). "Goods" are defined as "tangible chattels bought or leased for use
11 primarily for personal, family, or household purposes." Cal. Civ. Code § 1761(a). "Services"
12 are defined as "work, labor, and services for other than a commercial or business use, including
13 services furnished in connection with the sale or repair of goods." Cal. Civ. Code § 1761(b).
14      As defendant argues, plaintiff's claim fails because he is not a consumer. As
15 defined in the CLRA, a "consumer" is "an individual who seeks or acquires, by purchase or
16 lease, any goods or services for personal, family, or household purposes." Cal. Civ. Code §
17 1761(d). Despite his attempt to plead otherwise, plaintiff's allegations could lead, at best, to a
18 finding that he was working as an independent contractor for the defendant. He is not, nor could
19 he be under the facts of this action, a consumer of defendant's products or services. Plaintiff's
20 conclusory allegation that he "responded primarily as a consumer" is insufficient for the court to
21 find otherwise. Thus, even if California law did apply to this action, plaintiff cannot state a claim
22 for violation of the CLRA given the facts alleged in this case. This claim should be dismissed
23 without leave to amend.
24 / / /
25 / / /
26 / / /

    4.  Breach of Contract

  Defendant argues that plaintiff's amended complaint[2] fails to plead a plausible contract claim.  Plaintiff alleges the defendant breached an implied contract by failing to compensate plaintiff for his time, effort, and expenses expended in devising a possible solution to the oil leak.  Defendant argues plaintiff fails to plead any agreement, expressed or implied, between the parties.

  Before there can be a breach of contract, there must be a contract in existence.  Here, defendant argues no contract, expressed or implied, exists between the parties.  Plaintiff alleges that defendant solicited solutions without warnings that there would be no compensation.

  Under California law, "[t]he essential elements of a contract are: parties capable of contracting; the parties' consent; a lawful object; and sufficient cause or consideration." Lopez v. Charles Schwab & CO., Inc., 118 Cal.App.4th 1224, 1230, 13 Cal.Rptr.3d 544 (Cal. Ct. App. 2004) (citing Cal. Civ. Code § 1550).  An implied contract "consists of obligations arising from a mutual agreement and intent to promise where the agreement and promise have not been expressed in words." Silva v. Providence Hosp. of Oakland, 14 C.2d 762, 773, 97 P.2d 798 (1939).  "An essential element of any contract is the consent of the parties, or mutual assent.  Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror." Donovan v. RRL Corp., 26 Cal.4th 261, 271, 27 P.3d 702, 709 (Cal. 2001) (citations omitted).  An "advertisement or other notice disseminated to the public at large generally does not constitute an offer, but rather is presumed to be an invitation to consider, examine, and negotiate." Id.

/ / /

---

[2] The incomplete amended complaint filed with the court does not contain a breach of contract claim.  However, it is included in the complete amended complaint provided by defendants, as discussed supra.  The court's discussion of the breach of contract claim is based on the amended complaint provided by defendant, instead of simply dismissing the claim as nonexistent.

1        Similarly, under Louisiana law, there are four elements of a valid contract: "(1) the parties must possess the capacity to contract; (2) the parties' mutual consent must be freely given; (3) there must be a certain object for the contract; and (5) the contract must have a lawful purpose." La Bo J. P'ship v. Louisiana Lottery Corp, 6 So.3d 191, 194 (La. Ct. App. 2009).

        Here, plaintiff alleges a contract based on defendant's request for assistance posted on it's website, which he apparently construed as an offer. He alleges he accepted that offer by submitting his proposal, and reasonably expected compensation therefore. However, whether there was a contract formed by the parties' actions depends in part on whether the defendant's request for ideas is considered an offer or an advertisement to the public at large. In interpreting the subject request for ideas, which plaintiff fails to provide the precise language of to the court, the court looks to determine whether the communication defines all of the terms necessary for form a contract. The undersigned finds that based on the information before the court, the solicitation for ideas fails to provide sufficient terms to constitute a contract, including what each party would be agreeing to. In particular, plaintiff fails to allege a mutual agreement as to the price to be paid for any ideas submitted. Instead, plaintiff alleges he reasonably believed he should be entitled to compensation. This shows that there was no mutual assent. Rather, the request for ideas is similar to an advertisement, and would be presumed to be an invitation to negotiate. If plaintiff wished to enter into an actual contract with the defendant, he could have made an actual offer to the defendant setting forth his proposal and request for compensation. He did not do so. Instead, he unilaterally submitted his idea and thereafter his invoice. The submission of plaintiff's invoice is insufficient to transform the request for assistance from an advertisement to a contract. Defendant's failure to pay the invoice for the idea submitted does not amount to a breach of contract, as there was no contract formed wherein the parties agreed to the payment of a specific fee for the ideas submitted. Defendant's motion to dismiss this claim should be granted without leave to amend.

///

### III. Conclusion

Plaintiff's complaint fails to allege sufficient facts to state a claim. Thus, defendant's motion to dismiss should be granted in full. Leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). Here, it is clear that no amendment can cure the defects addressed above. Plaintiff's claims are not reasonably plausible. Thus, the undersigned recommends no leave to amend be granted.

Based on the foregoing, the undersigned recommends that defendant's motion to dismiss (Doc. 7) be granted, without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 6, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE